The opinion of the court was delivered by
McEnery, J.
Under the provisions of Act 33 of 1888, there were several elections to locate the parish seat of Bossier parish.
*970 At the last and third election the contest was between the towns ©i Houghton and Benton.
.The election was held on November 23, 1888, and on the 27th of November the police jury met at the parish seat, Bellevue, for the purpose of compiling the vote and proclaiming the result. On this day, in the suit of Mobley et als. vs. Police Jury.of Bossier parish et als., an injunction was served on the police jury when in session, prohib.iting them from doing any act whatever favoring the removal of the parish seat of Bossier parish from Bellevue to any other place, or declaring same removed as the result of any election.
The proceedings of the police jury on this day were as follows:
“Bellevue, La., November 27, 1888.
“Police jury met pursuant to adjournment. Present — E. S. Dortch, president; J. A. Sewall, W. M. Abney, Henry Barnacastle, J. T. Maury, F. M. Barnett and J. W. Jeter, members.
“The minutes of last meeting read and approved. When R. E. Wyche, sheriff, appeared and served a writ of injunction on the president of this body, the sheriff and the clerk of the District Court, restraining them from doing any act in relation to the removal of the parish site of Bossier. When the returns of’the election held on November 23, 1888, were taken up, and the following vote ascertained, viz:
Houghton. Benton.
Ward 1......................................................................................... 1,215
Ward 2........................................................................................... 5 1,962
Ward 3.......................................................................................... 22 371
Ward i.................................................................................... 7 126
Ward 5, precinct 1....................................................................... 95 25
Ward 6, precinct 2...................................................................... 1,718
‘1 The sheriff then made his return on writ of injunction, when the following resolution was submitted:
“Resolved, That the irregularities and frauds committed in the election to change the parish site of Bossier parish at the election held on November 23, 1888, are such as to render it impossible to ascertain the true result, and it is, therefore, declared that no result of said election can be arrived at, and said election is without any result,
“ Be it, therefore, resolved, That another election be ordered at a time to be fixed by this jury; which was rejected, as follows:
“Yeas — J. A. Sewall, J. W. Jeter, W. M. Abney, 3.
“ Wavs — E.S. Dortch, J. F. Maury, H. Barnacastle, F. M. Barnett, 4.
*971 “ It was then resolved that the police jury compile the returns as sent in by the commissioners.
“Yeas — Dortch, Maury, Barnett and Barnacastle, 4.
“Nays — Abner, Jeter and Sewall, 3.
“Adopted.
“ When, on motion, it was resolved that all the returns and poll books be placed in the charge of the clerk of this body.”
The rest of the day’s proceedings was taken up in the disposal of ordinary business. No further action on this day was had in relation to the compiling of the vote.
Regarding this action as final and conclusive as to the vote and the location of the parish site, which it is alleged was completed by a publication of this compilation in the parish official journal and the proclamation of the president of the police jury, also published in said journal, the relator prays for a mandamus to compel the police jury at once to provide temporary court and official rooms at the town of Houghton.
It is evident that no compilation of the vote as contemplated and required by Act 33 of 1888 was made at this day’s proceeding of the police jury. The statement of the vote was informal. No result was declared or proclaimed by any order or vote of the police jury. This is made more apparent by the resolution which followed, but Which was not adopted, ordering another election, and the other resolution which was adopted, but never carried into effect, to compile the vote. Had there been a compilation and an ascertainment of the result of the election, this resolution would have been unnecessary. That the whole matter went by default is plain from the resolution which immediately followed the above, placing the returns and poll books in the custody of the clerk.
As the vote had not been compiled, the result proclaimed by vote or order of the police jury, the publication of the statement of votes and the proclamation of the president of the police jury were without effect. This view'of the case renders it necessary to notice the several other defences of the defendant.
It is therefore ordered, adjudged and decreed that the judgment . appealed from be annulled, avoided and reversed, and it is now ordered that the relief prayed for by relator be denied and the rule •discharged at his costs.